# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LARRY ANTHONY CLYBURN**, | |
| Petitioner, | Case No. 7:11CV00097 |
| v. | |
| | **OPINION** |
| **DAVID BERKEBILE,** | By: James P. Jones |
| | United States District Judge |
| Respondent. | |

The petitioner, a federal inmate, brings this action which he styles as a petition "On Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241."[1] Upon review of the record, I find that the petition must be dismissed without prejudice for lack of jurisdiction.

I

Larry Anthony Clyburn was convicted after a jury trial in this court in February 2005 of conspiracy to manufacture 50 grams or more of methamphetamine and related drug and firearm offenses. I granted Clyburn's Motion for Judgment of Acquittal Notwithstanding the Verdict as to one of the firearm offenses. On appeal, however,

---

[1] The face of the pleading indicates that another federal inmate in West Virginia prepared the petition, and it has not been signed, under penalty of perjury, by the petitioner himself.

the United States Court of Appeals for the Fourth Circuit reversed in part and remanded the case for reinstatement of the firearm offense.[2] After resentencing, Clyburn appealed again, and the Fourth Circuit affirmed the judgment.

The current § 2241 petition challenges the validity of Clyburn's confinement and sentence under the judgment imposed by this court. Specifically, it alleges that the government pursued charges based on evidence they knew to be false, that the Fourth Circuit wrongfully reinstated the firearm offense, and that the Superseding Indictment was somehow defective.

II

Section 2241 authorizes district courts to grant habeas relief to petitioners who demonstrate that they are confined in violation of the Constitution or laws of the United States. A petition under § 2241 must be brought in the district court in the jurisdiction where the petitioner is confined, however, rather than in the district court where he was sentenced. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the

---

[2] *United States v. Clyburn*, No. 1:04CR00050, 2005 WL 1025395 (W.D. Va. May 3, 2005), *reversed in part,* 181 F. App'x 343 (4th Cir. 2006), *cert. denied*, 549 U.S. 933 (2006). *United States v. Clyburn*, 247 F. App'x 418 (4th Cir. 2007).

United States, he should name his warden as respondent and file the petition in the district of confinement.")

Clyburn is currently incarcerated at a federal prison facility in Butner, North Carolina, which is not within the jurisdiction of this court. Therefore, I do not have jurisdiction over his custodian and will dismiss his petition without prejudice.[3]

III

For the stated reasons, I will dismiss the § 2241 petition without prejudice for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED: March 21, 2011

/s/ JAMES P. JONES
United States District Judge

---

[3] I would have jurisdiction to address claims challenging the validity of Clyburn's conviction if such claims were raised in a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010). A § 2255 motion, however, must generally be filed within one year from the date on which the conviction became final, pursuant to § 2255(f). Clyburn's conviction became final in late 2007, upon expiration of his opportunity to file a petition for a writ of certiorari regarding his resentencing. He did not submit his current petition until March 2011, at the earliest, more than three years after his conviction became final. Therefore, the claims appear to be untimely filed. Moreover, the claims also appear to be procedurally defaulted, because they could have been raised on direct appeal or in the certiorari petition. For these reasons, I will not construe Clyburn's current petition as a § 2255 motion. Nothing in this opinion shall be construed as any indication that I believe Clyburn's allegations may state meritorious claims under § 2241 or § 2255.